**SEALED DOCUMENT**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

2019 OCT 10 P 4: 03

| | |
|---|---|
| IN RE APPLICATION OF THE ) <br> UNITED STATES OF AMERICA FOR ) <br> AN ORDER PURSUANT TO ) <br> 18 U.S.C. § 2703(d) ) <br> ) | MISC. NO. 19-mc-37-AJ <br><br> **Filed Under Seal** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Comcast Communications LLC, an Internet Service Provider located in Moorestown, NJ, to disclose certain records and other information pertaining to IP address **75.68.37.59** (the "**IP Address**"), as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. Comcast Communications LLC is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Comcast Communications LLC to disclose the items described in Part II of Attachment A. See 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A); 18 U.S.C. § 2703(b) (Part II.C of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. On March 6, 2019, a federal grand jury returned a 53-count superseding indictment charging Imran Alrai with wire fraud, money laundering, transportation of stolen money, aggravated identity theft, and failure to file reports of foreign bank and financial accounts (FBARs). Trial is scheduled to begin on December 2, 2019.

5. The investigation has revealed, in essence, that the defendant, Imran Alrai, who resides at 9 Corliss Road, Windham, NH 03087, orchestrated and executed a scheme to defraud Org1, a regional charitable organization headquartered in Boston, Massachusetts, and Corp1, a national business with offices in Foxboro, Massachusetts, by causing those entities to pay, collectively, millions of dollars to companies created and secretly controlled by Alrai for services those companies did not perform or overbilled. Alrai then laundered some of the money through a bank account he opened in Pakistan. Evidence gathered to date indicates that emails in furtherance of the scheme were sent from the **IP Address**. Among other things, information regarding the **IP Address** is relevant to the identity and location of the person who sent the

2

emails. A search of public database indicates that Comcast owns the **IP Address**, and the **IP Address** is associated with Windham, New Hampshire.

## REQUEST FOR ORDER

6. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to confirm the identity and location of the the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Comcast Communications LLC be directed to produce all items described in Part II of Attachment A to the proposed Order.

Respectfully submitted,

Scott W. Murray
UNITED STATES ATTORNEY

_____
Matthew Hunter
Special Assistant United States Attorney
53 Pleasant Street
4th floor
Concord, NH  03301

**SEALED DOCUMENT**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| IN RE APPLICATION OF THE ) <br> UNITED STATES OF AMERICA FOR ) <br> AN ORDER PURSUANT TO ) <br> 18 U.S.C. § 2703(d) ) <br> ) | MISC. NO. \_\_\_\_ |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Comcast Communications LLC, an electronic communications service provider and/or a remote computing service located in Moorestown, NJ, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought, which include the contents of communications and other stored files, are relevant and material to an ongoing criminal investigation.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Comcast Communications LLC shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

_____  _____
Date                                        Andrea K. Johnstone
                                            United States Magistrate Judge

## ATTACHMENT A

I. **The Account(s)**

The Order applies to certain records and information associated with **IP Address 75.68.37.59.**

II. **Records and Other Information to Be Disclosed**

Comcast Communications LLC is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period of **January 1, 2015, through December 31, 2016:**

 A. The following information about the customers or subscribers of the Account and/or associated with **IP Address 75.68.37.59**:

  1. Names (including subscriber names, user names, and screen names);

  2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses) or other location information;

  3. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

  4. Length of service (including start date) and types of service utilized;

  5. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Station Equipment Identities ("IMEI"));

  6. Other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses (including carrier grade natting addresses or ports)); and

  7. Means and source of payment for such service (including any credit card or bank account number) and billing records.

 B. All records and other information (not including the contents of communications) relating to the Account, including:

  1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of

       connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers).

3. All information regarding the address or location associated with **IP Address 75.68.37.59**.

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by Comcast Communications LLC, and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of Comcast Communications LLC. The attached records consist of _____ [generally describe records (pages/CDs/megabytes)]. I further state that:

    a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of Comcast Communications LLC, and they were made by Comcast Communications LLC as a regular practice; and

    b. such records were generated by an electronic process or system of Comcast Communications LLC that produces an accurate result, to wit:

        1. the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of Comcast Communications LLC in a manner to ensure that they are true duplicates of the original records; and

        2. the process or system is regularly verified by Comcast Communications LLC, and at all times pertinent to the records certified here the process and system functioned properly and normally.

3

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____  _____
Date                                            Signature